UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY | § § § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. C-10-387 |
| | § | |
| UNITED STATES OF AMERICA | § § | |

### ORDER

Pending before the Court is Defendant Garcia's 12(b)(5) Motion to Dismiss for Insufficient Service of Process. (D.E. 11). Plaintiff has not responded. Therefore, the motion is deemed unopposed. L.R. 7.4. For the reasons stated below, the Court hereby GRANTS the motion, DISMISSING Defendant Garcia from this action.

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a party may assert the defense of insufficient service of process. Fed. R. Civ. P. 12(b)(5). When service of process is challenged, the serving party bears the burden of proving its validity. See Systems Signs Supplies v. United States Department of Justice, Washington, D.C., 903 F.2d 1011, 1013 (5th Cir. 1990).

In this case, the record shows that Plaintiff Liberty Mutual Insurance Company attempted to serve Mr. Garcia on February 7, 2011 by serving the registered agent in Texas for Garcia's employer, L-3 Communications Vertex Aerospace, LLC. (D.E. 11, Ex. A.) However, this form of service does not comply with the federal rules for service of process or the Texas law rules.

Under the Federal Rules of Civil Procedure, the following forms of service are acceptable when serving an individual: (1) following state law rules for serving a summons, or (2) doing any of the following: delivering a copy of the summons and complaint personally; leaving a copy of both at the individual's dwelling or usual place of abode with someone of suitable age and

discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  See Fed. R. Civ. P. 4(e).

Under the Texas law rules, "the citation shall be served by any person authorized by Rule 103 [any sheriff, constable or other person authorized by law or the court] by (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or  (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."  Texas Rule of Civil Procedure § 106(a).

Alternatively, Texas Rule 106(b) provides for "substituted service" to the individual defendant's "usual place of business or usual place of abode or other place where the defendant can probably be found."  § 106(b).  However, substituted service is only permitted upon motion to the court, supported by affidavit stating the location for service above and "stating specifically the facts showing that service has been attempted" using the methods allowed by Rule 106(a).

In this case, Plaintiff neither complied with the rules outlined above nor filed any motion to proceed by substituted service.  Therefore, service was improper.  Defendant's Motion to Dismiss under Rule(b)(5) (D.E. 11) is GRANTED.  Defendant Garcia is DISMISSED from this action.

SIGNED and ORDERED this 22nd day of March, 2011.

_____
Janis Graham Jack
United States District Judge