UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY | § § § | |
| Plaintiff | § | |
| VS. | § § | CIVIL ACTION NO. C-10-387 |
| UNITED STATES OF AMERICA | | |

## ORDER

Pending before the Court is Plaintiff Liberty Mutual Insurance Company's Motion to Reinstate Plaintiff's Cause of Action against Defendant Mr. Garcia. (D.E. 15.)

Plaintiff objects to the Court's March 22, 2011 Order granting Defendant Mr. Garcia's 12(b)(5) Motion to Dismiss for Insufficient Service of Process, and dismissing Garcia from this action. (D.E. 13.) As the Court noted in its order, Plaintiff failed to respond to the Motion, and it was therefore deemed unopposed. L.R. 7.4.

In its Motion to Reinstate, Plaintiff concedes that it was unable to successfully serve Mr. Garcia and that it instead mistakenly served Mr. Garcia's employer, which is not a permissible form of service under the Federal Rules or under Texas law. See Fed. R. Civ. P. 4(e); Texas Rule of Civil Procedure § 106(a). However, Plaintiff contends that on April 13, 2011 (almost a month after the Court's Order dismissing Garcia from the case) it contacted counsel for Mr. Garcia's employer, who indicated he would send Mr. Garcia's correct current home address by the end of the day. (D.E. 15 at 6.) Plaintiff consequently seeks extension of the deadline to serve and join Mr. Garcia to May 15, 2011. (D.E. 15.)

To the extent that Plaintiff raises any arguments in opposition to Mr. Garcia's Motion to Dismiss for insufficient service of process under Rule 12(b)(5), Plaintiff should have raised these arguments in a timely fashion in a response to the Motion.

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a party may assert the defense of insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  When service of process is challenged, the serving party bears the burden of proving its validity. <u>See</u> <u>Systems Signs Supplies v. United States Department of Justice, Washington, D.C</u>., 903 F.2d 1011, 1013 (5th Cir. 1990).  Plaintiff failed to meet this burden, and the action against the improperly served party was accordingly dismissed.

Plaintiff contends that counsel for Plaintiff did not respond to the Motion to Dismiss under Rule 12(b)(5) because he "failed to realize Defendant Garcia's Motion sought to have Plaintiff's claim against Mr. Garcia dismissed as opposed to asking the court to simply quash the unopposed improperly served summons on Mr. Garcia's employer."  (D.E. 15 at 8.)

The Court finds this excuse is not credible.  Defendant's motion was clearly labeled in the Court's electronic filing system as: "Motion to Dismiss [12(b)(5)]."  The Motion is entitled: " 'Mr. Garcia's' 12(B)(5) Motion to Dismiss for Insufficient Service of Process."  The first line of the Motion states: "The undersigned counsel files this Motion to Dismiss for insufficient service, as authorized by Federal Rule of Civil Procedure 12(b)(5)."  (D.E. 11 at 1.)  The body of the Motion seeks solely to dismiss the case under Rule 12(b)(5) and does not make any alternative request to quash the summons on Mr. Garcia's employer.

For all of these reasons, Plaintiff Liberty Mutual Insurance Company's Motion to Reinstate Plaintiff's Cause of Action against Defendant Mr. Garcia (D.E. 15) is hereby DENIED.

SIGNED and ORDERED this 14th day of April, 2011.

_____
Janis Graham Jack
United States District Judge